UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WEINSTEIN, KAPLAN & COHEN, P.C.,

                                               MEMORANDUM & ORDER
                    Plaintiff,     11-CV-6332(JS)(WDW)

      -against-

JOHN POSITANO,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Alexander Mark Kaplan, Esq.
                  Weinstein, Kaplan & Cohen, P.C.
                  1325 Franklin Avenue, Suite 210
                  Garden City, NY 11530

For Defendant:     John Positano, Esq.
                  52 Beech Avenue
                  Farmingdale, NY 11738

SEYBERT, District Judge:

        Plaintiff Weinstein, Kaplan & Cohen, P.C. ("Plaintiff") commenced this action against pro se Defendant John Positano ("Defendant") in New York State District Court, Nassau County on August 23, 2011 asserting three state law claims arising out of a prior attorney-client relationship between the parties: (1) breach of a retainer agreement, (2) quasi-contract, and (3) account stated. Defendant filed an Answer and seven Counterclaims for negligence, legal malpractice, and breach of contract. Plaintiff filed a motion to dismiss Defendant's Counterclaims, which was granted by

Nassau County District Court Judge Michael A. Ciaffa on December 5, 2011.

On December 28, 2011, Defendant removed the action to federal court on the basis of federal question jurisdiction and requested that the entire action be opened under seal. The Court granted Defendant's request that the action be opened under seal but Court ordered Defendant to show cause: (1) why this action should not be remanded for lack of subject matter jurisdiction and (2) why this docket should remain sealed. Presently before the Court is Defendant's response to the Order to Show Cause. For the following reasons, the Court REMANDS this action to Nassau County District Court for lack of subject matter jurisdiction, VACATES its prior order sealing this action, and ORDERS that portions of the docket be unsealed.

## DISCUSSION

The Court will first discuss whether it should remand for lack of subject matter jurisdiction. Then the Court will address Defendant's arguments in support of sealing the docket.

I. Remand

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5,

8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). "Where a case has been improperly removed and the Court has no subject matter jurisdiction, the Court must remand the case sua sponte to the state court where it originated, pursuant to 28 U.S.C. § 1447(c)." Morrison v. Seafarers Int'l Union of N. Am., AFL-CIO, 954 F. Supp. 55, 56 (E.D.N.Y. 1996); see also Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003) ("A district court must remand a case to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" (alteration in original) (quoting 28 U.S.C. § 1447(c))). The burden is on the removing party to establish federal jurisdiction, and any doubts about jurisdiction must be resolved against removability. See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted).

"In determining whether a [removal] petition establishes the existence of a federal question, removal based on federal jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 773 (2d Cir. 1988) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)); see also Morrison, 954 F. Supp. at 57 ("[T]he Court must limit its search for a federal question to a plaintiff's

3

claims as stated in his or her complaint and may not look to anticipated defenses which a defendant might impose in order to find a federal question 'hook.'"). "Allegations made for the first time in a removal petition thus cannot support the removal of a case on federal grounds." Four Keys Leasing & Maint., 849 F.2d at 773.

Here, Defendant asserts that the Court has federal question jurisdiction because: (1) Plaintiff violated an order of this Court sealing a prior action commenced by Defendant in the Eastern District of New York[1] by attaching sealed documents to its filings in this action and (2) Plaintiff retaliated against Defendant in violation of the Americans with Disabilities Act and the Rehabilitation Act. These allegations, however, appear nowhere in Plaintiff's Complaint which asserts only state law claims. Rather, they were raised for the first time in Defendant's Removal Petition. Accordingly, the Court finds that Defendant has failed to meet his burden of establishing federal jurisdiction, and this action is hereby REMANDED for lack of subject matter jurisdiction.

II. Request that this Action be Sealed

Defendant, in removing this action, also requested that the entire action--including his application for removal and the underlying Complaint--be placed under seal. The federal

---
[1] Positano v. Zimmer, 10-CV-3184(JS)(ETB) (E.D.N.Y.).

4

courts "have recognized a strong presumption of public access to court records." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 26 (2d Cir. 1994). To overcome the presumption of public access, Defendant must make a substantial showing of need for the docket to remain sealed. See, e.g., Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 647-48 (S.D.N.Y. 2011). In determining whether presumptively public documents should be sealed, "a court considers (1) the danger of impairing law enforcement or judicial efficiency; and (2) the privacy interests of those who resist disclosure." Standard Chartered Bank Int'l (Ams.) Ltd. v. Calvo, 757 F. Supp. 2d 258, 260 (S.D.N.Y. 2010) (citing United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)). "Moreover, 'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'" Id. (alteration in original) (quoting United States v. Biaggi, 828 F.2d 110, 116 (2d Cir. 1987)).

Here, Defendant argues that the docket must be sealed because of the presence of "medically and personally identifiable information," and the "privacy interests of innocent third parties." (Def. Resp. 7.) However, the docket is void of any such information. Accordingly, the Court hereby ORDERS that this case be unsealed with one exception: In an abundance of caution pages 36 through 53 of Defendant's Removal

5

Petition shall remain under seal as those pages appear to be a draft of the sealed complaint in Positano v. Zimmer, 10-CV-3184(JS)(ETB) (E.D.N.Y.).

CONCLUSION

For the foregoing reasons, the Court sua sponte REMANDS this action to New York State District Court, Nassau County for lack of subject matter jurisdiction; VACATES its prior order sealing this action; and ORDERS that this action be unsealed with the exception of the draft complaint attached to Defendant's Removal Petition at pages 36 through 53.

The Clerk of the Court is directed to remand this case to the District Court, Nassau County; unseal this action with the exception of pages 36 through 53 of Docket Entry 1; mail a copy of this Memorandum and Order to counsel for Plaintiff and the pro se Defendant; and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: June 14, 2012
      Central Islip, NY